Mr. James BOWEN, James and Peggy's Inc., d/b/a Bowen Open Air Market, Appellees,

v.

John R. BLOCK, Secretary of Agriculture, United States of America, Appellant.

No. 81–1303.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1981.

Decided Jan. 4, 1982.

Rehearing and Rehearing En Banc Denied March 15, 1982.

---

Carlene V. McIntyre, Civ. Div., Dept. of Justice, Washington, D. C. (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., James L. Blackburn, U. S. Atty., Raleigh, N. C., Michael Kimmel, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

Trawick H. Stubbs, Jr., New Bern, N. C. (Stubbs & Chesnutt, New Bern, N. C., on brief), for appellees.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and SPROUSE, Circuit Judge.

SPROUSE, Circuit Judge:

John R. Block, Secretary of Agriculture, appeals from the judgment rendered by a magistrate of the United States District Court for the Eastern District of North Carolina,[1] modifying the penalty imposed against James Bowen, the owner of a North Carolina retail food store, for violation of three Food Stamp Program regulations, 7 C.F.R. §§ 270.2(s), 272.2(b) and 272.2(e) (1978). The Secretary had disqualified Bowen's store from participation in the food stamp program for a period of one year, but the magistrate, while concluding that the regulations had been violated, reduced the administrative sanction to a civil money penalty of $2,059.50. For reasons stated in this opinion, we reverse and remand with instructions to reinstate the one year disqualification.

Food stamp program personnel received a complaint prior to January 1978 that food stamps were being accepted in Bowen's store as repayment for cash loans. Representatives visited the store on January 31, 1978, and subsequently wrote to Bowen on February 3, 1978, advising him of the complaint and the possibility of violations, and warning him of possible disqualification for violations of food stamp regulations. The

---

1. This case was tried by a magistrate by consent of the parties pursuant to 28 U.S.C. § 636(c) and appealed directly to this court under 28·U.S.C. § 636(c)(3).

volume of food stamp redemptions was monitored in February, March, and April of 1978 and the high redemption rate during that period generated an investigation by food stamp investigators. The investigation revealed numerous purchases of ineligible items with food stamps, including cartons of cigarettes, beer, wine, tobacco and paper products, all sold either by Bowen or his wife. Subsequently, a letter was sent to Bowen charging him with violation of the above cited regulations, and he made an oral reply denying their occurrence except through oversight. On April 26, 1979, an administrative decision was made to disqualify him for a period of one year. After the decision was sustained on administrative review, Bowen filed a complaint with the district court for judicial review, pursuant to 7 U.S.C. § 2023.

The magistrate found that Bowen had violated the food stamp regulations as charged, but held that the one year disqualification period had been imposed without sending him a "warning letter" as required by 7 C.F.R. § 278.6(e)(2)(ii) (1979) and, therefore, that the imposition of the penalty was arbitrary and capricious. The magistrate concluded that the letter of February 3, 1978, did not constitute a warning letter because it did not state a violation and was submitted prior to any alleged violations.

The Food Stamp Act of 1964, 7 U.S.C. §§ 2011 *et seq.*, requires the trial court to determine the "validity" of the administrative action in question. 7 U.S.C. § 2022. This court in *Cross v. United States*, 512 F.2d 1212 (4th Cir. 1975) (*en banc*), interpreted this statute to permit the trial court to consider the validity of the sanction and possibly modify it, as well as to review the disqualification action. We expressly held in *Cross* that the scope of review of the propriety of the sanction is not as broad as that of the fact of violation, and provided definitive guidelines for the scope of judicial review. "To be 'valid', a sanction must not be arbitrary and capricious, and a sanction is arbitrary and capricious if it is un-

warranted in law or without justification in fact." *Cross, supra*, at 1218.

■ The trial court is authorized to modify the penalty imposed by the Secretary "only in those instances in which it may be fairly said on the *de novo* record as a whole that the Secretary, acting through his designates, has abused his discretion by acting arbitrarily and capriciously." *Id.* As we said in *Cross*, the views of the Secretary as to the appropriate sanction are entitled to very great, if not conclusive, weight. Applying these tests to the imposition of the one year suspension in this case compels the conclusion that the sanction imposed by the Secretary should not have been disturbed.

The magistrate relied on his view that the letter of February 3, 1978, did not constitute a warning under 7 C.F.R. § 278.-6(e)(2) (1979), for his conclusion that the one year disqualification was arbitrary and capricious and without justification. We disagree. Section 278.6(e) provides that a firm shall be disqualified for one year if:

(i) The evidence shows that: (A) It is the firm's policy to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages, in exchange for food coupons, and the firm has engaged in such practices, or (B) The firm bought coupons at discount, and

(ii) The firm was warned about the possibility that violations were occurring and of the possible consequences of violating the regulations.

■ This regulation does not require, as the magistrate apparently believed, that the firm be told it had committed or might be in violation of a specific regulation, or that it be sent at any particular juncture of the investigation. The letter of February 3, 1978, fully complied with the regulation. It stated, in part:

This will confirm my conversation with your wife, Mrs. James Bowen, at your store on January 31, 1978 and my telephone conversation with you on February 1, 1978.

During these conversations, I explained a complaint against your store concerning the loaning of cash and the acceptance of food coupons in repayment for the cash loans plus interest. You denied that violation had occurred and felt it was from jealous competitors.

Section 272.2(b) of the Food Stamp Program Regulations explains that coupons may be accepted in exchange for eligible foods only.

We also discussed the store's high Food Stamp ratio and the fact that this might indicate the presence of violations and give credence to the complaint.

You should take special care to prevent violations because they may lead to your disqualification from the Food Stamp Program. You are responsible for violations committed by your employees....

The letter, in unmistakable terms, warned Bowen of the possibility that violations were occurring and the possible consequences of violating the regulations.

The Secretary, therefore, did not act arbitrarily or capriciously, or in an unwarranted manner, in imposing a one year disqualification, and the magistrate exceeded his authority under this court's decision in *Cross* in modifying it. In view of this holding, it is not necessary to consider the Secretary's other contentions concerning the appropriateness of the alternate penalty. The judgment is therefore reversed and the cause remanded with instructions to reinstate the one year disqualification.

REVERSED AND REMANDED.