**Willie McGLORY d/b/a Park View Foods, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–2930.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1985.

Decided June 6, 1985.

Robert H. Aronson, Chicago, Ill., for plaintiff-appellant.

Ann L. Wallace, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant-appellee.

just as he is obligated to recuse himself when there is reason. *United States v. Baskes,* 687

F.2d 165, 170 (7th Cir.1981).

Before BAUER and EASTERBROOK, Circuit Judges, and CAMPBELL, Senior District Judge.*

PER CURIAM.

Willie McGlory, doing business as Park View Foods, was suspended from the Food Stamp Program for one year after a "shopper" employed by the Department of Agriculture reported that on six occasions she was able to purchase non-food items, including cigarettes, with food stamps at Park View Foods. A Food Stamp Review Officer received written reports from the shopper and based his decision on these reports. (McGlory provided written and oral denials of the charges to a subordinate official but was not invited to testify before the Review Officer and did not have an opportunity to cross-examine the "shopper.") The Review Officer recounted that McGlory had denied each charge of violation and concluded that the violations occurred as charged. Moreover, because "[t]he sales of ineligible, non-food items during the transactions in question amount to approximately 50 percent in number and 33 percent in value" of the shopper's purchases, and because McGlory had been warned to watch his clerks in light of an unusually high rate of food stamp redemptions at his store, the Review Officer concluded that the "violations in this case were flagrant in nature and repetitive and all were easily preventable with reasonable care." The Review Officer imposed the year's disqualification as the penalty for the flagrant violations.

McGlory filed this proceeding under 7 U.S.C. § 2023(a), which states that a suit challenging a suspension "shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." At trial McGlory and the employees of Park View Foods (mostly members of the family) testified that they do not accept food stamps in exchange for non-food items. They also testified that the events reported by the "shopper" had never taken place. Some witnesses denied memory of particular transactions in which the shopper had been involved. The shopper's six reports were not put in evidence, and there was no physical evidence (such as cash register tapes showing food and non-food items combined in a single sale). McGlory put into evidence a letter he had received from the Midwest Regional Office of the Food and Nutrition Service that summarized the government's version of the six incidents in question. McGlory and the other witnesses unequivocally denied that these incidents had occurred. The United States never put in the testimony of the shopper, who was in the courtroom, and McGlory therefore once again could not cross-examine her.

At the conclusion of McGlory's case, the district judge granted the government's motion under Fed.R.Civ.P. 41(b) and dismissed the suit. The district court's written findings under Rule 52(b) recount McGlory's denials. The court did not, however, find McGlory and the other witnesses incredible or otherwise explicitly resolve the dispute between the parties about what happened. The court instead wrote that McGlory "failed to prove a *prima facie* case that the action of the Department was arbitrary or capricious". The court explained: "[t]here is no evidence that the agency refused to consider the evidence presented by the plaintiff [or] that the period of disqualification imposed was [not] within the range of sanctions appropriate for the violations charged."

■ We reverse. The district court apparently treated this as a suit in which the plaintiff had the burden to attack the adequacy of the agency's procedures or findings. Yet the plaintiff in a Food Stamp case need not show that the agency's procedures were defective. The trial is "de novo"— that is to say, on a new evidentiary record. Because the statute does not provide for any evidentiary hearing at the administrative level, *Save More of Gary, Inc. v. Unit-*

---

* The Hon. William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

*ed States*, 442 F.2d 36 (7th Cir.), *cert. dismissed*, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971), it gives each participant a right to trial "de novo." This trial is the one and only hearing a participant in the program receives.

▮ This court has distinguished between challenges to the finding of violation and challenges to the penalty, given a violation. *Nowicki v. United States*, 536 F.2d 1171, *cert. denied*, 429 U.S. 1092, 97 S.Ct. 1103, 51 L.Ed.2d 537 (1977); see also *Woodard v. United States*, 725 F.2d 1072, 1977–79 (6th Cir.1984); *Bowen v. Block*, 667 F.2d 445, 447 (4th Cir.1982); *Martin v. United States*, 459 F.2d 300 (6th Cir.1972). We have held that a penalty may be set aside only if arbitrary and capricious within the meaning of *Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). See *Nowicki v. United States*, 536 F.2d 1171, 1177 (7th Cir.1976) *cert. denied*, 429 U.S. 1092, 97 S.Ct. 1103, 51 L.Ed.2d 537 (1977). The deference courts give to the penalty does not apply to the finding that a violation occurred. The district court must determine the validity of the agency's factual determinations anew, on a fresh record. *Abdel v. United States*, 670 F.2d 73, 76 n. 8 (7th Cir.1982).

At the time the district court dismissed the case, the *only* evidence of record was the testimony of McGlory and the employees of Park View Foods that they did not sell non-food items in exchange for food stamps—either as a policy or on the occasions in question. Even if the district judge disbelieved all of the witnesses, as he was entitled to do as the finder of fact, disbelief would not amount to evidence in support of the Review Officer's findings. The regional office's summary of the shopper's statements was hearsay, and the shopper was in court ready to testify. (The reports of the shopper would have been admissible under Fed.R.Evid. 803(6), see *Abdel, supra*, 670 F.2d at 76, but they were not put in evidence. They were simply attached to the government's trial brief.)

The district judge did not say that he disbelieved all of the witnesses, and he did not conclude that the claimed violations in fact took place. He apparently made his decision on a belief that he had to affirm the agency's action unless arbitrary or capricious. The conclusions of law under Rule 52(b) read as if this were a review of a decision in a Social Security disability case. In oral remarks at the close of McGlory's case, the court likewise did not address the credibility of the witnesses and instead said: "The Court finds that there was no arbitrary conduct on the part of anybody. These persons who were acting under this statute and under the rules and regulations were merely discharging their duties under the statute.... No right of Mr. McGlory or Park View Foods were violated in these proceedings, and the plaintiff's evidence doesn't come anywhere near showing that. For these reasons, the defendant's motion under Rule 41(b) is granted".

▮ Under the Food Stamp Act, though, the plaintiff need not show that the finding of a violation was "arbitrary" or the administrative proceedings irregular. The plaintiff's trial "de novo" is an opportunity to show that the factual determination was wrong, not solely that the procedures were irregular or the conclusions unsupported by substantial evidence. *Modica v. United States*, 518 F.2d 374, 376 (5th Cir.1975); *Saunders v. United States*, 507 F.2d 33, 36 (6th Cir.1974). The record in the district court, not the record before the agency, is what counts. When, as in *Save More* and *Modica*, the plaintiff does not clearly deny the agency's findings, a court need review only the adequacy of the administrative process. But there was a flat denial here, and the court was required to resolve the conflict in the versions of events.

▮ McGlory also argues that the one-year suspension is inappropriate and that the Department of Agriculture's procedures deprive him of due process of law. The former argument fails because of our holding in *Nowicki*. The penalty is a matter of agency policy; the penalty (found in a table of penalties prescribed by regulations that make the penalty depend on the seriousness of the offense) combines a presumptive range of penalties with an exer-

cise of discretion within the range. If the district court finds (as the Review Officer concluded) that there were flagrant, repeated violations, then a year's suspension is within the range and not an abuse within the meaning of *Butz v. Glover Livestock.*

■ The due process argument fails because, once a participant seeks review de novo, the adequacy of the administrative process as an abstract matter is no longer important. McGlory will have more than enough process in the district court before being finally deprived of his interest in participating in the program. The adequacy of the prior process is no more important than the "process" that precedes an agency's decision to commence a proceeding or suit, though the proceeding may be very costly. Cf. *FTC v. Standard Oil Co. of Cal.,* 449 U.S. 232, 243–44, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980). True, 7 U.S.C. § 2023(a) provides that a suspension commences immediately unless stayed, and if a suspension were to go into effect before the district court could hear the challenge, that might present the constitutional question McGlory seeks to litigate. Here, though, the execution of the penalty abides the trial.

Reversed and remanded for a new trial de novo on the question whether McGlory and his firm committed the violations found by the Review Officer. Circuit Rule 18 shall not apply on remand.