Enrique BARBOSA, Sr., d/b/a Barbosa Food Store, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 86–C–213.

United States District Court, E.D. Wisconsin.

March 26, 1986.

Michael J. Knoeller, Milwaukee, Wis., for plaintiff.

Nathan A. Fishbach, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

On February 27, 1986, plaintiff Enrique Barbosa, Sr., doing business as the Barbosa Food Store (herein referred to as "plaintiff store") brought this action under 7 U.S.C. § 2023 seeking judicial review of a decision by the Department of Agriculture to disqualify it from participation in the food stamp program for a period of three years. Further, plaintiff store requested a stay of this disqualification pending the conclusion of the judicial review. Additionally, plaintiff store sought various documents which were utilized by the Department of Agriculture during the administrative review process.

An injunction hearing was held before the Court from March 14 through March 16, 1986. At the conclusion of this hearing, the Court announced its decision that plaintiff store's request for a stay was denied. Further, the Court held that plaintiff's request for the aforementioned documents was denied on the grounds of mootness since the United States provided these documents to counsel at the start of the injunction hearing.

The Court hereby sets forth its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

### FINDINGS OF FACT

Based upon the evidence presented during the injunction hearing, this Court makes the following findings of fact.

The Barbosa Food Store is a retail grocery store owned by Enrique Barbosa and is located at 2411 West State Street, Milwaukee, Wisconsin.

On November 8, 1983, plaintiff store was authorized by the Department of Agriculture's Food and Nutrition Service (FNS) to participate in the food stamp program.

As a participating retailer in the food stamp program, the store can accept food coupons from consumers when the latter purchase "eligible food" items. 7 C.F.R. § 278.2(a). "Eligible food" is defined in pertinent part as

any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot foods and hot food products prepared for immediate consumption ...

7 C.F.R. § 271.2. A substantial portion of the store's customers utilize food stamps during their transactions in the store.

On November 7, 1983, Enrique Barbosa met with Richard Hoffman, a FNS Food Program Specialist, to discuss the program's regulations. During this discussion, Barbosa was advised that customers could use coupons only to purchase "eligible food" items. Subsequently, on October 12, 1984, Richard A. Freihofer, another FNS Food Program Specialist, met with Barbosa at the store to discuss the program's regulations.

During the middle of 1984, Food Program Specialist Hoffman noted that the store had an unusually high rate of food coupon redemptions for the area. Accordingly, on October 29, 1984, Hoffman met with Barbosa at the store. During this meeting, Hoffman discussed the unusually high rate of food coupon redemptions and warned about the possibility that program violations were occurring in the store. Hoffman advised Barbosa of the penalties for program violations.

On November 21, 1984, FNS sent a letter to Barbosa which confirmed the subject matter that was discussed during his (Barbosa's) October 29, 1984 meeting with Hoffman.

Subsequently, during July and August, 1985, a FNS investigative aid shopped in the plaintiff store on six occasions. During five of these shopping trips, Barbosa sold

ineligible items to the investigative aid in exchange for food coupons. In fact, during the aforementioned five shopping trips, 16 of the 47 items (approximately 34 percent) which the aid purchased with food coupons were ineligible.

During the hearing, Food Program Specialist Hoffman testified that he conducted a price survey (in early March, 1986) of participating retailers which are located in the immediate vicinity of the store. This survey disclosed that many of these retailers sell a substantial variety of staple food items at prices comparable to the prices in the plaintiff store.

## CONCLUSIONS OF LAW

An aggrieved retailer can seek a stay of the administrative action during the pendency of judicial review. 7 U.S.C. § 2023(a) provides:

> During the pendency of such judicial review, ... the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than 10 days' notice, and after hearing thereon and a consideration by the court of the *applicant's likelihood of prevailing on the merits and of irreparable injury,* the court temporarily stays such administrative action pending disposition of such trial or appeal.

Emphasis provided.

■ Thus, in determining whether the administrative action should be stayed, the Court must consider two factors: (1) whether the store will suffer irreparable injury as a result of the stay and (2) the likelihood that the store will prevail during the judicial review.

With respect to the first prong, the Court believes that the store will suffer irreparable injury by the loss of revenue from food stamp customers.

With respect to the second prong, the Court believes that there is little likelihood that the store will prevail during the judicial review. This conclusion was reached after considering the nature of the judicial review process and the evidence which was presented during the injunction hearing.

During the judicial review, plaintiff store must prove by a preponderance of the evidence that the administrative action was invalid. *Abdel v. United States,* 670 F.2d 73, 76 n. 8 (7th Cir.1982). During the review, the district court "must determine the validity of the agency's factual determinations anew, on a fresh record." *McGlory v. United States,* 763 F.2d 309, 311 (7th Cir.1985). Once it is determined that the violations occurred, the district court may set aside a penalty "only if arbitrary and capricious within the meaning of *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 ... (1973)." *McGlory,* 763 F.2d at 311.

■ 7 C.F.R. § 278.6(e)(3)(i) sets forth one of the circumstances in which a retailer can be disqualified from the program for three years. This section notes that FNS shall

> (3) [d]isqualify the firm for three years if it is to be the first sanction for the firm and the evidence shows that:
>
> (i) It is the firm's practice to commit violations such as the sale of common nonfood items in amounts normally found in a shopping basket and the firm was previously advised of the possibility that violations were occurring and of the possible consequence of violating the regulations.

During the injunction hearing, the United States presented overwhelming evidence which supports a three year disqualification in the instant case. There was evidence that the plaintiff store's operative practice (as indicated through the actions of Barbosa) was to engage in serious violative transactions. The violations were repetitive in that they occurred on five of the six shopping trips which were made into the plaintiff store. The violations were flagrant in that during the five shopping trips, the shopper was permitted to purchase sixteen (out of a possible forty-seven) ineligible items with food coupons. Further, prior to the time that the violations occurred, Barbosa met with Food Program

Specialist Hoffman, who advised Barbosa of the possibility that violations were occurring and of the possible consequences of the violations.

Accordingly, this Court must deny plaintiff store's request for a stay.

IT IS THEREFORE ORDERED that plaintiff store's motion for a stay pending judicial review is denied.

IT IS FURTHER ORDERED that plaintiff store's request for documents is denied.

**D.R. LEE, P.J. Duffield, J.L. Webb, S.A. Robinson, S.G. Myers, M.E. Gage, and D.F. Burger, Plaintiffs,**