**Jewell DAVIS d/b/a Davis Grocery, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 91–C–1390.

United States District Court, E.D. Wisconsin.

Aug. 19, 1993.

Ronald C. Shikora, Shikora Law Office, Milwaukee, WI, for plaintiff.

Christian R. Larsen, U.S. Dept. of Justice, E.D.Wis., Office of the U.S. Atty., Milwaukee, WI, for defendant.

## ORDER

STADTMUELLER, District Judge.

### I. Introduction

On December 8, 1991, plaintiff Jewell Davis filed this action pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.10 against the United States of America seeking judicial review of the United States Department of Agriculture, Food and Nutrition Service's ("FNS") decision to suspend her authorization to participate in the Food Stamp Program for a period of three years. She alleges that the United States of America, through the actions of the FNS, has deprived her of certain property rights, namely the privilege of participating in the Food Stamp Program without due process of law. She further alleges that 7 C.F.R. § 278.1(n)[1] and 7 C.F.R. § 278.6, the federal regulations authorizing her suspension, are unconstitutional and that the three-year penalty period is arbitrary, capricious, and unduly harsh. This action is currently before the court on a motion for summary judgment filed by defendant United States of America.

### II. Undisputed Facts and Procedural History

Plaintiff is the proprietor of a small grocery store in Milwaukee, Wisconsin, whose business relied heavily on its participation in the federal Food Stamp Program and the Women, Infants, and Children Program (WIC), a special supplemental food program designed to provide specific food supplements to pregnant, postpartum, and breast feeding women, as well as infants, and young children. Under the WIC Program, state and local agencies receive federal grants to fund the distribution of drafts to eligible participants. WIC participants then exchange these drafts for highly nutritional foods from grocers authorized to accept WIC drafts, and the grocers are then, in turn, reimbursed by the government for the amount of the purchase. The states have the responsibility of ensuring that these grocers comply with all applicable WIC regulations.

Plaintiff was found to have committed "Class A" violations of the Wisconsin Administrative Code, HHS § 149.06 (WIC regulations) on two separate occasions. These violations were the result of plaintiff charging for food that was not received by the WIC participant, more specifically, charging higher amounts on the drafts than the price of the food actually received.

Following these offenses, plaintiff's authorization to participate in the WIC Program was revoked by the FNS for a three-year period, in accordance with 7 C.F.R. § 278.-1(n) and 7 C.F.R. § 278.6. These federal regulations authorize the FNS to disqualify any retail food store from further participation in the program and also outline the maximum disqualification time periods. Plaintiff was notified of such in a letter from Wisconsin's Department of Health and Social Services ("HSS") dated June 21, 1991. Plaintiff was also informed of her right to appeal that decision and was further notified that 7 C.F.R. § 278.1(n) provides for the withdrawal of Food Stamp Program authorization of any store that is disqualified from the WIC Program. On July 31, 1991, following an administrative review of the decision to disqualify plaintiff from the WIC Program and a hearing in Madison, Wisconsin, the hearing examiner upheld plaintiff's three-year disqualification.

On September 4, 1991, the plaintiff's authorization to participate in the Food Stamp Program was also withdrawn because of the prior WIC disqualification. On September 23, 1991, plaintiff, through her attorney, requested a review of that decision, whereafter, on November 14, 1991, a written decision

---

1. The plaintiff's complaint and brief in opposition to the motion for summary judgment refers to this subsection as 7 C.F.R. § 278.1(*o*), which was how the subsection was denominated until 1987, when the new federal regulations were passed.

affirming the disqualification was filed with the Madison, Wisconsin field office. Consequently, on December 18, 1991, plaintiff commenced this action pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.10.

On May 22, 1992, the parties stipulated to and the court entered an order granting plaintiff's stay of action, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.10(d), thereby permitting the plaintiff to continue to accept food stamps and participate fully in the Food Stamp Program pending further order of the court.

Plaintiff's complaint alleges that 7 C.F.R. § 278.1(n) is unconstitutional in that it requires a store owner to be withdrawn from the Food Stamp Program if she has been disqualified from the WIC Program. She contends that this is unconstitutional because the Food Stamp Program and the WIC Program are entirely separate programs, and the disqualification from one should not automatically require the disqualification from the other. Plaintiff also alleges that 7 C.F.R. § 278(1)(n) and 7 C.F.R. § 278.6 are unconstitutional in that they fail to set forth sufficient guidelines to be used to determine the period of withdrawal from the Food Stamp Program, and that the three year penalty period of withdrawal from the Food Stamp Program ordered in this matter is arbitrary, capricious, and unduly harsh. Plaintiff alleges that her business relies primarily on her participation in the Food Stamp Program and the WIC Program, and such three year period will force her out of business, constituting an unduly harsh penalty.

Defendant seeks summary judgment of dismissal because the undisputed facts show that the FNS' decision to withdraw plaintiff's food stamp authorization fully complied with federal regulations. Defendant further contends that the WIC Program is a supplemental part of the Food Stamp Program; thus, disqualification from the Food Stamp Program based on a WIC violation is constitutional. Moreover, 7 C.F.R. § 278.1(n) is constitutional in that it only allows certain violations of WIC Program regulations to result in Food Stamp withdrawal. These violations are more serious offenses which establish a "lack of business reputation and integrity

sufficient to warrant removal from the Food Stamp Program." (Defendant's brief in support of summary judgment at 15). Defendant also argues that the FNS' decision to withdraw plaintiff's food stamp authorization was not arbitrary or capricious because under 7 C.F.R. § 278.6, plaintiff could be disqualified for a period of no less than six months, but not more than five years for a first offense. Consequently, plaintiff's three-year penalty period clearly fell within the guidelines of the regulation. Finally, defendant contends that plaintiff's allegation that the FNS' action was unduly harsh is not "tantamount to arbitrary or capricious action." (Defendant's brief in opposition to motion for summary judgment at 17).

## III. Discussion

### A. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A material fact is one that might affect the outcome of the case under applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute exists if there is sufficient evidence for a jury to return a verdict in favor of the non-moving party. *Id.* at 249, 106 S.Ct. at 2510–11.

The moving party has the initial burden of showing that no material facts are in dispute. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). This burden can be met by "showing—that is pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson,* 477 U.S. at 267, 106 S.Ct. at 2519–20. To defeat a properly sup-

ported motion, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256, 106 S.Ct. at 2514; Fed.R.Civ.P. 56(e). The opposing party cannot rely on general or conclusory factual allegations, but must show that a specific and material factual issue exists that must be decided at trial. *Valentine v. Joliet Township High School District,* 802 F.2d 981, 986 (7th Cir.1986).

The Supreme Court determined "Rule 56(c) mandates the entry of summary judgment ... upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Furthermore, "[a] district court need not scour the record to make the case of a party who does nothing." *Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989).

The scope of judicial review over an administrative action disqualifying a grocer from participating in the Food Stamp Program is found in the Food Stamp Act of 1964, 7 U.S.C. § 2021 *et seq.* Section 2023(a) provides in pertinent part that: "The suit in the United States District Court or State Court shall be trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue ..." Review by the district court "requires a reexamination of the entire matter rather than a mere determination of whether the administrative findings are supported by substantial evidence." *Ibrahim v. United States,* 834 F.2d 52, 53 (2nd Cir.1987). Furthermore, this de novo standard is compatible with summary judgment disposition, if there are no material facts in dispute.

**B. Application**

■ The undisputed facts have shown that the federal regulations were properly applied by the FNS in its November 14, 1991 decision to disqualify plaintiff from the Food Stamp Program, based upon the July 31, 1991 adverse WIC action. Plaintiff does not allege that the FNS did not comply with the regulations, rather she argues that the regulations are unconstitutional and should not be applied at all. Because plaintiff made no

denial here, the court need not determine whether she did, in fact, commit the violations she was alleged to have committed. When the plaintiff does not clearly deny the agency's findings, a court need review only the adequacy of the administrative process. *McGlory v. United States,* 763 F.2d 309, 311 (7th Cir.1985). Thus, based on the record, the court concludes that there is no conflict in the version of events to be resolved and no genuine issue of fact regarding the disqualification decision. Consequently, the next question is whether 7 C.F.R. § 278.1(n) and 7 C.F.R. § 278.6 are unconstitutional such that plaintiff's right to participate in the Food Stamp Program was violated, and the FNS' decision was invalid.

**1. The Food Stamp Program and the WIC Program are sufficiently related such that 7 C.F.R. § 278.1(n) is constitutional.**

■ In her brief plaintiff contends that 7 C.F.R. § 278.1(n), which requires the disqualification from the Food Stamp Program based on certain WIC offenses, violates the Due Process Clause of the Fifth Amendment and is, thus, unconstitutional. She alleges that the Food Stamp Program and the WIC Program are entirely different, unrelated programs, consequently, withdrawal from one should not automatically mandate suspension from the other. However, plaintiff fails to offer any proof, other than her conclusory allegations, that these programs are, in fact, completely separate.

On the contrary, the WIC Program was created as a special supplemental food program to provide highly nutritional foods to pregnant, postpartum, and breast feeding women, as well as to infants, and young children. In addition, 7 C.F.R. § 246.1 states specifically that, "the program shall be supplementary to the Food Stamp Program." Moreover, since the WIC Program was created as a part of the Food Stamp Program, it is logical that when a store violates the standards of one, that store violates the standards of the other. The commentary on 7 C.F.R. § 278.1(n) suggests this very premise. "The Department believes that a store which has been determined, with due process, to

have violated the WIC Program regulations has clearly demonstrated a *lack of business reputation and integrity sufficient to warrant its removal from the Food Stamp Program.*" 52 Fed.Reg. 13,221 (1987) (emphasis added). "Furthermore, the Department believes that it is important for FNS to maintain this provision in interest of cross-compliance by retail firms participating in both of these major Federal feeding programs." *Id.*

Based on the foregoing reasoning, the court concludes that 7 C.F.R. § 278.1(n) is constitutional, and withdrawal from the Food Stamp Program based on WIC violations is an appropriate exercise of the FNS' authority. Furthermore, the plaintiff has failed to meet her burden of producing any evidence to support a finding by a preponderance of the evidence that the FNS' decision was invalid.

**2. 7 C.F.R. § 278.6 and 7 C.F.R. § 278.1(n) sufficiently set forth the guidelines to be used to determine the Food Stamp Program disqualification program period.**

■ Plaintiff contends that 7 C.F.R. § 278.6 and 7 C.F.R. § 278.1(n) are unconstitutional in that they fail to set forth sufficient guidelines or standards to be used to determine the period of withdrawal from the Food Stamp Program. However, 7 C.F.R. § 278.-1(n)(2) states specifically that, "[o]nce a firm has served the period of removal from WIC specified by the State agency, the firm may reapply for Food Stamp Program authorization and be approved if otherwise eligible." Furthermore, 7 C.F.R. § 278.6 defines the maximum time periods for violations of WIC regulations. It states in relevant part, "Disqualification shall be for from six months to five years for the firm's first sanction ..." 7 C.F.R. § 278.6. Thus, if a store can reapply for Food Stamp Program authorization after the WIC penalty period has expired, and that penalty period is clearly defined by law, there is no constitutional violation. Finally, 7 U.S.C. § 2021(b)(1) clearly sets forth the time limits for Food Stamp Program withdrawal for first offenses. These guidelines are identical to 7 C.F.R. § 278.6, in that the penalty period must be no less than six

months and no greater than five years. Consequently, the court concludes that the guidelines or standards to be used to determine the penalty period for the Food Stamp Program suspension are sufficiently set forth, such that plaintiff's constitutional rights were not violated.

**3. The three year period of withdrawal from the Food Stamp Program was not arbitrary, capricious, or unduly harsh, as plaintiff contends.**

■ While plaintiff does not allege that she did not violate WIC regulations sufficient to warrant termination from the WIC Program, she does allege that the period for withdrawal is arbitrary, capricious, and unduly harsh. The Seventh Circuit has distinguished between challenges to the finding of a violation and challenges to the penalty, given a violation, in *McGlory v. United States,* 763 F.2d 309, 311 (7th Cir.1985). The court further held that, "a penalty may be set aside only if arbitrary and capricious within the meaning of *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). In *Butz,* the Supreme Court held that:

> Where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy 'the relation of remedy to policy is peculiarly a matter for administrative competence.' *American Power Co. v. SEC,* 329 U.S. 90, 112 [67 S.Ct. 133, 146, 91 L.Ed. 103] (1946). Thus, the Secretary's choice of sanction was not to be overturned unless the Court might find it "unwarranted in law or ... without justification in fact ..."

411 U.S. at 185–86, 93 S.Ct. at 1458. Thus, the only way for the court to set aside the three year penalty is upon a finding that the action was arbitrary or capricious. According to *Butz,* this can be done by showing that the action was "unwarranted in law or without justification in fact." *Butz,* 411 U.S. at 185–86, 93 S.Ct. at 1458.

7 U.S.C. § 2021(b)(1) provides for the disqualification of a retail store from participation in the Food Stamp Program "for a reasonable period of time, of no less than six

months or more than five years, upon the first occasion of disqualification." *See also* 7 C.F.R. § 278.6. Moreover, it is the Secretary's practice to employ that sanction in his judgment which best serves to deter violations and achieve the objectives of the statute. *Id.* at 187–88, 93 S.Ct. at 1459.

The three year disqualification from the Food Stamp Program is clearly within the time parameters for the initial disqualification set forth in 7 U.S.C. § 2021(b)(1). Furthermore, the FNS acted in accordance with 7 C.F.R. § 278.6 and § 278.1(n) in withdrawing authorization to participate in the WIC Program for a period of three years, which also falls within the set guidelines for disqualification. Thus, plaintiff's three year disqualification can not be considered so "unwarranted in law" to constitute an arbitrary and capricious action.

In addition, the FNS' decision to withdraw plaintiff from the Food Stamp Program can not be considered unwarranted in law, because not every WIC violation will result in withdrawal of Food Stamp authorization. On the contrary, only certain violations warrant such action. The specific offenses are clearly set forth within the body of 7 C.F.R. § 278.1(n). The plaintiff committed one of the specific § 278.1(n) violations, namely the charging for food items not received by the WIC customer or for foods in excess of those· listed on the food instrument, which, under the law, clearly justified her suspension from the Food Stamp Program.

Likewise, the court finds no basis in the record to conclude that plaintiff's suspension was "without justification in fact" resulting in arbitrary and capricious action by FNS. Plaintiff did not deny committing any of the alleged violations, but has conceded all of defendant's proposed findings of facts.

Even though, the plaintiff alleges that the penalty was unduly harsh given her business' reliance on the Food Stamp Program, this is not "tantamount to arbitrary or capricious action," and need not be decided. *See Carlson v. United States,* 879 F.2d 261, 262 (7th Cir.1989). In addition, "[t]he employment of a sanction within the authority of an administrative agency is not rendered invalid in a particular case just because it is more severe than sanctions imposed in other cases." *Butz,* 411 U.S. at 187, 93 S.Ct. at 1459. Finally, "[t]he fashioning of an appropriate and reasonable remedy is for the Secretary, not the court." *Id.* at 188–89, 93 S.Ct. at 1459.

## IV. Conclusion

Defendant, United States of America has demonstrated the absence of any genuine issues of material fact which would make a trial in this action necessary. Plaintiff's complaint fails to allege facts sufficient to support violations of her Fifth Amendment right to due process, and plaintiff has failed to provide additional probative evidence to defeat defendants' motion for summary judgment. Accordingly, the court finds that defendants are entitled to judgment as a matter of law.

**IT IS ORDERED** that the motion for summary judgment filed by defendant United States of America be and the same is hereby GRANTED; and,

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED.**

The clerk is directed to enter judgment accordingly.